## Lancaster v. Lancaster.

*Divorce — Practice, C. P. — Amendment of libel—Desertion—Insufficient statement.*

1. A libel in divorce for desertion is insufficient which does not aver that the desertion was "without just or reasonable cause." The mere averment of non-support is insufficient.

2. Such a libel, as it fails to state any cause of action whatever, cannot be amended.

3. Amendments at common law, independent of any statutory provision on the subject, are in all cases in the discretion of the court for the furtherance of justice.

4. Even if an amendment could be allowed in such a case, it would not be granted without notice to the respondent in the manner in which service of the original libel was made.

Petition to amend libel. C. P. Schuylkill Co., May T., 1921, No. 134.

*William L. Kramer*, for libellant.

BERGER, J., March 20, 1922.—This petition for leave to amend the libel in divorce was filed after publication of notice, in accordance with law, requiring the defendant to appear and answer. He has filed no answer, nor has any appearance been entered for him.

The only cause of divorce originally set forth in the libel is stated thus: "7. That your petitioner and respondent lived and cohabited as husband and

1 D. & C.

wife in Lyons, New York, aforesaid, for about twenty years, and a succinct statement of the time and place and circumstances of the cause of divorce is as follows: And that, on the first day of October, A. D. 1918, the said respondent wilfully and maliciously deserted your petitioner and left her without any support from said date, thereby causing petitioner to support herself." This statement of the cause of divorce is insufficient: Pierie v. Pierie, 7 Phila. 405; Sites v Sites, 23 Pa. C. C. Reps. 439. The libellant, seeking to substitute an alleged legal for an insufficient cause of divorce, prays the court for an amendment of paragraph 7 of her libel, so as to have it read as follows: "7. That your petitioner and respondent lived and cohabited as husband and wife in Lyons, New York, aforesaid, for about twenty years, and a succinct statement of the time and place and circumstances of the cause of divorce is as follows: And that, on the first day of October, A. D. 1918, the said respondent wilfully and maliciously deserted your petitioner and left her without any support from said date, thereby causing petitioner to support herself without just or reasonable cause." If this amendment were allowed the libel would, nevertheless, fail to set forth a legal cause of divorce on the ground of desertion. The proposed amendment does not aver that the respondent deserted the libellant "without just or reasonable cause," but that his wilful and malicious desertion of her has caused or required her "to support herself without just or reasonable cause." Non-support, without more, is not sufficient to establish wilful and malicious desertion. See Dunn v. Dunn, March Term, 1921, No. 35, to be reported in Schuylkill Legal Record. Moreover, the libel is not drawn in conformity with the requirements of paragraph 1 of Rule 17 of our rules of court relating to divorce.

Assuming that the proposed amendment does properly charge desertion as a ground of divorce, it must be disallowed on other grounds. The defendant has had no notice of the petition to amend. The amendment prayed for is substantial and not merely formal; hence, it cannot be allowed without notice to the opposite party: Weiss v. Weiss, 16 Schuyl. Legal Rec. 162. In Clayburgh v. Clayburgh, 15 W. N. C. 365, it was held that the statutes of amendment do not apply to actions in divorce (such actions being in the nature of proceedings in equity), and, though jurisdiction is conferred by statute, "the proceedings are regulated by equity practice and by the rules and practice prevailing in the ecclesiastical courts. It (practice in divorce) adopts largely in its practice as its common law the law of the English ecclesiastical courts." In Perkins v. Perkins (decided March 28, 1885), 16 W. N. C. 48, in an opinion by Mitchell, J., later Chief Justice of our Supreme Court, it was said: "How far amendments should be allowed in divorce cases has been a vexed question in this State, and cannot yet be said to be authoritatively settled by judicial decision. A full and able presentation of the matter is made by Ewing, P. J., in Clayburgh v. Clayburgh, 15 W. N. C. 365." In Clayburgh v. Clayburgh, an amendment of the libel, setting forth a new cause of divorce, was allowed, but the defendant was actually present in court and a copy of the amended libel was required to be served on him. Paragraph 10 of Rule 17, of our rules of court, regulating practice in divorce, requires the service of amendments of pleadings to be made on the opposite party. If the amendment prayed for were allowed, service of it would, nevertheless, have to be made in the manner in which service of the original libel was made. This would not advantage the libellant.

Since the amendment of a libel in divorce is governed by the common law and not by statute, the principle that at common law no amendment of the record can be made unless there is something to amend by, and that a declara-

tion or complaint which wholly fails to state any cause of action whatever cannot be amended, as stated in 1 Encyclopedia on Practice and Pleading, 510, is applicable here. So, too, is the principle stated in 1 Bouvier's Law Dictionary, 187, that "amendments at common law, independent of any statutory provision on the subject, are in all cases, in the discretion of the court, for the furtherance of justice." We are of the opinion that we are without the power of amendment in this case for the reasons stated, and that the amendment prayed for, if it could be allowed, would not be for the furtherance of justice.

Petition for amendment dismissed.

From M. M. Burke, Shenandoah, Pa.